UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUDY CHIPMAN,

                Plaintiff,

-vs-                                            Case No.   2:10-cv-483-FtM-29SPC

US BANK N.A.,

                Defendant.
_____

**ORDER**

This matter comes before the Court on Plaintiff's Motion for Entry of Clerk's Default (Doc. #14) filed on September 13, 2010.  Pursuant to Federal Rules of Civil Procedure 55(a), the Plaintiff moves the Court for the entry of default against the Defendant, US Bank, N.A., for failure to answer or otherwise plead to the Plaintiff's Complaint.

Under Fed. R. Civ. P. 55(a), default is justified "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise appear by affidavit or otherwise, the clerk shall enter the party's default.  The Florida Rules of Civil Procedure state that "at the time of personal service of process a copy of the initial pleading shall be delivered to the party upon whom service is made." Fla. R. Civ. P. 1.070.   Florida Statute § 655.0201 outlines service of process on a financial institution as follows:

> (1)  Process against any financial institution authorized by federal or state law to transact business in [Florida] may be served in accordance with . . . chapter 48[1].

---

[1] Under Florida Statute § 48.081, the claimant may serve process:
    (a) The president or vice president, or other head of the corporation;
    (b) In the absence of any person described in paragraph (a), on the cashier, treasurer,
                                                                          (continued...)

> (2) Any financial institution authorized by federal or state law to transact business in [Florida] may designate a registered agent as the financial institution's agent for service of process, notice, or demand required or permitted by law to be served on the financial institution. If the financial institution has no registered agent, or its registered agent cannot with reasonable diligence be served, service may be made to any executive officer of the financial institution at its principal place of business in this state.
>
> (3) If service cannot be made in accordance with subsection (2), service may be made to any officer, director, or business agent of the financial institution at its principal place of business or at any other branch, office, or place of business in the state.
>
> (4) This section does not prescribe the only means, or necessarily the required means, of serving notice or demand on a financial institution.

F.L.A. § 655.0201 (West 2010). Under both § 48.081 and § 655.0201, the person being served must be physically in the State of Florida.

The Plaintiff must serve process to a financial institution in accordance with the above statute, otherwise the service is ineffective. In this case, on August 5, 2010, service was made upon Katy Cheney, Agent for Legal Process, at 800 Nicolette Mall, Minneapolis, MN 55402. Although an Agent for Legal Process, Cheney was not served in the State of Florida as required by Florida law. Thus, the service of process was ineffective. Plaintiff has 120 days from date of filing the complaint to complete service of process. In this case, the Plaintiff filed the complaint on August 5, 2010, and thus has until December 2, 2010, to perfect service. Therefore, the entry of default is not appropriate at this time.

---

[1](...continued)
    secretary, or general manager;
      (c) In the absence of any person described in paragragh (a) or paragraph (b), on any director; or
      (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.
F.L.A. § 48.081. If none of the above listed are present in the State of Florida, process can be served upon any agent transacting business for the company in the state. Id.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Entry of Clerk's Default (Doc. #14) is **DENIED** without prejudice. Plaintiff is ordered to file a status report to this Court on October 22, 2010, with an update on further efforts to perfect service.

**DONE AND ORDERED** at Fort Myers, Florida, this  23rd  day of September, 2010.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record