UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUDY CHIPMAN,

        Plaintiff,

vs.                          Case No. 2:10-cv-483-FtM-29SPC

US BANK N.A.,

        Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant US Bank N.A.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. #28) filed on December 22, 2010. No response has been filed and the time to respond has expired. As stated in the May 18, 2011 Order (Doc. #29), the Court will consider the motion without the benefit of a response and without further notice. For the reasons set forth below, defendant's motion is granted in part and the case is dismissed without prejudice.

**I.**

Because Plaintiff is proceeding *pro se*, her pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). According to the shotgun[1] two-count

---

[1] Plaintiff has improperly incorporated all allegations of each count in every successive count. Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001); Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997).

Verified First Amended Complaint (Complaint), plaintiff Judy Chipman (plaintiff or Chipman) is the legal and equitable owner of 733 105th Ave. North, Naples, FL 34108 (the property). (Doc. #26, ¶1.)  Plaintiff obtained a forensic audit of the loan documents and upon completion of such audit, she discovered violations of the Truth in Lending Act (TILA).  (Id. at ¶6.)  Plaintiff alleges that she has made every attempt to ascertain who the real party in interest is.  (Id. at ¶8.)  Upon learning of the alleged TILA violations, plaintiff sent a Qualified Written Request, Demand for Validation, and Demand for audits of the entire account on or about May 20, 2010.  (Id. at ¶12.)  On or about November 24, 2010, plaintiff sent an additional Qualified Written Request and a "Notice To of Right to Cancel."  (Id.)

Plaintiff alleges that there was no acknowledgment of receipt or response to her Qualified Written Requests (QWR), and the time to do so pursuant to the Real Estate Settlement and Procedures Act (RESPA) elapsed as to QWR #1 but has not elapsed for QWR #2. (Id. at ¶14.)

Count I of the Complaint is for declaratory relief based on TILA and RESPA violations[2].  Plaintiff alleges that defendants shall honor her Notice of Right to Cancel and defendants shall:

---

[2]The Court notes that the TILA and RESPA claims should not have been combined in one count as they address completely different types of statutory violations. Compare 15 U.S.C. §§ 1601 *et seq.* with 12 U.S.C. §§ 2601 *et seq.*

-2-

"a.) cancel all security interest in the subject property, b.) return all money given to anyone even third parties . . ." (Id. at ¶¶ 16-24.) Thus, plaintiff seeks a declaratory judgment that "any claims/security interest" that the defendants hold is "void/extinguished" as a result of violations in "TILA/RESPA/REG Z". (Id. at p. 8.) Count II of the Complaint alleges that since plaintiff sent a notice of rescission which must be honored, defendants no longer have an interest in her home. (Id. at ¶¶ 27-28.) Therefore, plaintiff seeks a declaratory judgment that the title to the property is vested in plaintiff alone and defendants have no interest in the property.

Defendant US Bank, N.A. (US Bank) asserts that there is a Final Judgment of Foreclosure against plaintiff entered on or about June 5, 2010[3]. Plaintiff did not appeal the Final Judgment and her deadline to do so has expired. (Doc. #28, p. 2.) As stated in the August 10, 2010 Order on plaintiff's Motion for Temporary Restraining Order (Doc. #8), "The Court takes judicial notice of the records of the Collier County Clerk of Court. These records reflect that in Case No. 08-07185 CA, US Bank N.A. has sued plaintiff for foreclosure. On July 14, 2010, Circuit Judge Hugh Hayes entered an order re-scheduling the foreclosure sale for

---

[3]The Court notes that the Final Judgment of Foreclosure was entered on June 15, 2009, not on June 5, 2010, as reflected by the records of the Collier County Clerk of Court and Exhibit B to Defendant US Bank N.A.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. #28-2).

August 12, 2010." (Doc. #8, p. 3.) The records of the Collier County Clerk of Court also reflect that on June 15, 2009, Circuit Judge Hugh Hayes entered a final judgment in favor of plaintiff.

**II.**

In its motion to dismiss, US Bank raises a Rule 12(b)(1) challenge to the subject matter jurisdiction of the court pursuant to the Rooker-Feldman doctrine[4]. (Doc. #28.) US Bank also brings a Rule 12(b)(6) motion and argues that plaintiff's claims are time barred, barred by *res judicata*, barred by the Anti-Injunction Act, 28 U.S.C. § 2283, and should be dismissed because plaintiff sued the wrong party. (Id.)

Subject matter jurisdiction relates to the Court's power to adjudicate a case. Morrison v. Nat'l Austl. Bank Ltd., 130 S. Ct. 2869, 2877 (2010); Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237, 1243 (2010). "[A] court must first determine whether it has proper subject matter jurisdiction before addressing the substantive issues." Taylor v. Appleton, 30 F.3d 1365, 1366 (11th Cir. 1994). If jurisdiction is found to be lacking, the Court can not proceed at all; its sole remaining duty is to state that it lacks jurisdiction and dismiss the case. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998); see also University of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999)

---

[4]Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.").

Rule 12(b)(1) motions challenging the subject matter jurisdiction of the court come in two forms, a "facial" attack motion and a "factual" attack motion. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). A facial attack challenges subject matter jurisdiction based on the allegations in the complaint, and the court takes the allegations in the complaint as true in deciding the motion. Id. A factual attack challenges subject matter jurisdiction in fact, regardless of the pleadings. Id. In deciding a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits. Id. In this case, US Bank is raising a factual attack on the Court's subject matter jurisdiction.

### III.

"The Rooker-Feldman doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009). This is a narrow doctrine, confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Lance v. Dennis, 546 U.S. 459, 464

(2006)(quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)); Casale, 558 F.3d at 1260. The Eleventh Circuit has focused on this language as delineating the boundaries of the Rooker-Feldman doctrine. Green v. Jefferson County Comm'n, 563 F.3d 1243, 1249-50 (11th Cir. 2009); Nicholson v. Shafe, 558 F.3d 1266, 1274 (11th Cir. 2009). The Rooker-Feldman doctrine applies when:

> (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment.

Parker v. Potter, 368 F. App'x 945, 948 (11th Cir. 2010)(quoting Storck v. City of Coral Springs, 354 F.3d 1307, 1310 n.1 (11th Cir. 2003)). "A claim is inextricably intertwined if it would effectively nullify the state court judgment, [ ] or it succeeds only to the extent that the state court wrongly decided the issues." Casale, 558 F.3d at 1260(internal quotation marks and citations omitted).

In the instant case, the Court finds that the Rooker-Feldman doctrine applies. The parties before the Court are the same as the parties in the state court action; the state court foreclosure ruling was a final judgment on the merits; and plaintiff could have raised her TILA and RESPA claims in the foreclosure action as either affirmative defenses or counterclaims. Finally, plaintiff,

in her combined TILA and RESPA claim, is seeking rescission of her mortgage and for the Court to declare that defendants hold no interest in the property at issue, and thus should transfer legal title to the plaintiff. This is essentially a claim to nullify the state judgment, which provides just the opposite. The Court finds that it does not have subject matter jurisdiction over plaintiff's TILA or RESPA claims in light of the state court final judgment of foreclosure. See, e.g., Parker, 368 F. App'x at 948 (rejecting under Rooker-Feldman a TILA claim that sought rescission of a state foreclosure judgment); Velardo v. Fremont Inv. & Loan, 298 F. App'x 890, 892-93 (11th Cir. 2008) (holding that appellants' TILA claims were inextricably intertwined with a state-court foreclosure judgment and thus barred by Rooker-Feldman); Harper v. Chase Manhattan Bank, 138 F. App'x 130, 133 (11th Cir. 2005)(holding that the Rooker-Feldman doctrine applied as plaintiff's claims under TILA, FDCPA, and ECOA were inextricably intertwined with the foreclosure proceeding in state court); Aboyade-Cole Bey v. BankAtlantic, No. 6:09-cv-1572, 2010 WL 3069102, at *2 (M.D. Fla. Aug. 2, 2010)(finding the court had no jurisdiction to hear plaintiff's case under Rooker-Feldman because the case was, "at its core," an attempt to revisit a state-court foreclosure judgment).

Because the Court has found it lacks jurisdiction to hear plaintiff's claims pursuant to the Rooker-Feldman doctrine, it need not address the other issues raised in the motion to dismiss.

Because the court lacks subject matter jurisdiction, dismissal is without prejudice. Stalley v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.")

Accordingly, it is now

**ORDERED**:

1. Defendant US Bank N.A.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. #28) is **GRANTED IN PART** to the extent the Amended Complaint will be dismissed without prejudice for lack of subject matter jurisdiction.

2. Plaintiff's Verified First Amended Complaint (Doc. #26) is **dismissed without prejudice**.

3. The Clerk shall enter judgment accordingly, terminate all deadlines and close the case.

**DONE AND ORDERED** at Fort Myers, Florida __2nd__ day of April, 2012.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Pro se parties